BRODNAX *et al. vs.* CARR.

1. Under the constitution, the Supreme Court has no original juris-
diction, but is a court alone for the trial and correction of errors
from the superior and city courts. In a case involving contested
and conflicting facts, this court has no power to review or settle
them, no error of law being assigned, or it appearing from an ex-
amination of the charge that no error of law exists, and that all
the errors complained of were fully covered thereby.

2. Where parties agreed to build a bridge and to divide the profits
equally between them, such profits being what they might receive
from the county after paying all expenses incurred in the erection of
the bridge, and it was agreed that one of them should receive the
money from the county, and that the parties should execute an
indemnifying bond each to the other to save him harmless in case
the bridge should not be kept up for seven or five years, this latter
stipulation would not prevent the parties interested from calling
on the one who received the money to pay their *pro rata* part
thereof before they had executed such indemnifying bond and
tendered it to such party, especially where he had not demanded
or required it.

December 15, 1885.

Practice in Supreme Court. Constitutional Law. Con-
tracts. Roads and Bridges. Before Judge STEWART.
Rockdale Superior Court. August Term, 1884.

Carr filed his bill against Brodnax and Zachry, alleging
that he and they had contracted to build a county bridge
across a river, which was let out to be built by the lowest
bidder; that Brodnax was to receive the money from the
county, pay the expenses of building the bridge and divide
the balance equally between them; that the bridge had
been built, the expenses paid, and there was a balance of
about $400, which Brodnax refused to divide. Certain
items of expense, claimed to have been made and for labor
done, were contested. An account and settlement was
prayed for.

The defendants answered, denying indebtedness to the
complainant, and alleging that he had overdrawn his share
and was due Brodnax a balance of $25. It was also set

up as a defence that it was understood and agreed that before any surplus or profits arising from the building of the bridge should be paid out, the parties were to enter into an indemnifying bond with and to each other to save each other harmless against their *pro rata* share of the liability, in the event that they should be held liable on their bond given to the ordinary to keep the bridge in repair for seven years.

On the trial, the jury found for the plaintiff $110, principal. The defendants moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows: " Unless the defendants had themselves made and entered into a like bond, as mentioned in said plea, they had no right to complain of and require the plaintiff first to do so, and should you find the defendants had not made such bond, then the plaintiff would have the right to bring suit and recover whatever might be found due him from said profits without his first giving bond."

The motion was overruled, and the defendants excepted.

J. N. GLENN; A. C. McCALLA, for plaintiffs in error.

GEO. W. GLEATON, for defendant.

BLANDFORD, Justice.

1. The constitution of this state declares that, " the Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah, and such like courts as may be hereafter established in other cities." Art. 6, section 2, par. 5, constitution of this state; Code, §5133.

Hence it will be seen that, in a case like this, which is a case involving facts which are contested and conflicting,

this court has no power to review or settle the same between the parties, there not being any errors of law assigned as having been committed by the presiding judge, the errors being such that, when the charge is looked to, no such errors exist, or it appears from the charge that all the errors complained of were fully given in the instructions by the court to the jury.

The real ground of complaint in this case is, that the jury found contrary to the view maintained by the plaintiff in error. When the evidence authorizes the jury so to find, and the court below refuses to interfere, this court has no jurisdiction to interpose and grant a new trial, under the constitution of this state, and the legislature has no power or right to confer such power on this court.

2. In a case where the parties agreed to build a bridge and to divide the profits equally between them, such profits being what they might receive from the county, after paying all expenses in the erection of such bridge, and it being agreed that one of them should receive the money from the county, and it being further agreed that the parties should each execute an indemnifying bond to the other to save him harmless, in case the bridge should not be kept up for seven or five years, this latter stipulation would not prevent the parties interested from calling on the party who received the money to pay them their *pro rata* parts of the same before they had executed such indemnifying bond, and tendered it to such party, especially where no such bond had been demanded or required by the party receiving the money. So there is no error in charging the jury that the law is as stated by the court below. This being the main ground of error insisted on here by the counsel for plaintiff in error, the judgment of the court below must be affirmed.